KARL ZIMMERMAN *vs.* JONATHAN ANDREWS, Sheriff *et als.*

JANUARY 30, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This is a bill in equity to compel the respondent sheriff to deliver the proceeds of an execution sale of mortgaged personal property to the complainant. A decree was entered granting the relief prayed for. The respondents have brought the cause to this court by appeal. The reasons assigned for the appeal are that the decree is against the law and the rights of the respondents as disclosed by the pleadings and that the court erred in overruling a demurrer to the bill.

This cause was heard upon bill and answer. The facts alleged were not controverted. It appears that April 23, 1926, Leo Mann gave a mortgage for $7,550 upon his personal property to the complainant. The mortgage was duly recorded. The mortgagor retained possession of the mortgaged chattels. January 25, 1930, E. Marrus Sons, Inc. recovered judgment against said mortgagor for $987.44. March 3, a deputy sheriff levied an execution upon the right, title and interest of said mortgagor in the mortgaged personal property and advertised the same for sale at public auction to be held March 24, 1930. At the opening of the sale the deputy sheriff was notified that complainant held a mortgage upon said personal property and intended to claim the proceeds of said sale up to the amount due on his mortgage. The attorney for the execution creditor was present at the time. The deputy sheriff proceeded with the sale. Complainant's bid of $1,076 for said personal property was accepted by the deputy sheriff. Complainant gave the deputy sheriff a check for the amount of his bid and then demanded that it be paid to him in partial payment of the amount due him on his mortgage. The deputy sheriff

refused complainant's demand and threatened to pay the proceeds of the sale to the attorney for the execution creditor. Complainant enjoined the threatened payment by commencing this bill in equity.

Respondents averred that the deputy sheriff sold only the interest of Leo Mann in the personal property and that the said interest was sold subject to the mortgage of the complainant and that the money received by the sheriff was the amount bid for said interest.

The question raised by the above facts involves the right of the sheriff to sell mortgaged personal property at execution sale and the disposition of the proceeds of such sale.

At common law the interest of a mortgagor of personal property could not be taken by attachment or execution against him. 6 C. J. 199; 23 C. J. 345. This law has been abrogated by statute. Secs. 5205, 5263, G. L. 1923. The mortgaged chattels involved in this case were taken by levy of execution and not by writ of attachment. Section 5263, G. L. 1923, authorizes the levy of an execution on mortgaged personal property in the possession of the mortgagor and while the same is redeemable either at law or in equity. Sec. 5264 provides that when levied on it shall be sold by the officer as in other cases of levies on personal property on executions. Sec. 5265 directs that the proceeds of the sale shall be applied in payment of the amount due on the mortgage, and the balance (if any) shall be applied to the payment of the amount due on the execution. The duty of the officer when making an execution sale of mortgaged chattels is thus clearly pointed out by statute.

Under the law just cited when an officer levies an execution upon mortgaged personal property he cannot sell it subject to the mortgage but must sell it free from the mortgage because he is directed to sell as in other cases of levies on personal property which is not mortgaged. To hold otherwise would be to ignore the mandatory provisions of Section 5265 which direct the officer to first apply the proceeds of the sale of mortgaged personal property to the payment of the

amount due on the mortgage and the balance in payment of the amount due on the execution. In *McKenna Brothers* v. *Brown*, 29 R. I. 339, we held that the attaching creditor could not even deduct the expenses of an execution sale of mortgaged personal property when the amount received at the sale was insufficient to pay the amount due on the mortgage.

The demurrer to the bill was on the ground that it appeared therein that the complainant had a complete and adequate remedy at law. The court overruled the demurrer because it was of the opinion that under the facts alleged complainant's remedy at law was "inadequate." There was no error in this conclusion. The statute authorized the sheriff to levy the execution upon the mortgaged chattels. Plaintiff, the mortgagee, could not maintain replevin against the sheriff to recover possession of the mortgaged chattels. *Anthony, Potter & Co.* v. *Shaw*, 7 R. I. 275. 11 C. J. 604. The loss of the right to take possession of the mortgaged chattels from the sheriff did not divest the mortgagee of his lien thereon to secure the amount due on his mortgage. This lien attached to the proceeds of the sale of the mortgaged chattels. The sheriff threatened to pay the proceeds of the sale to the execution creditor. If he had done so, plaintiff might have been involved in a number of suits before he could have enforced his right to the proceeds of the sale. In the circumstances plaintiff's remedy at law was not "plain, adequate and complete." In *Groton Mfg. Co.* v. *Gardiner, Deputy Sheriff et als.*, 11 R. I. 626, complainant was permitted to maintain a bill in equity to establish a lien against the proceeds of the sale of attached personalty.

For these reasons the appeal is dismissed; the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Francis J. O'Brien*, for complainant.

*Joseph C. Cawley*, for respondents.